UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**DARYL GERMAINE ROSHELL (#418339)**          **CIVIL ACTION NO.**

**VERSUS**                                                              **22-700-SDD-EWD**

**JAMES ARNOLD, ET AL.**

## ORDER

Before the Court are five motions, filed by Plaintiff Daryl Germaine Roshell ("Roshell"), who is representing himself and who is confined at the Louisiana State Penitentiary ("LSP") in Angola, Louisiana.[1] Roshell filed this suit on or about September 30, 2022 against Defendants James Arnold and Lucas Rheams (collectively "Defendants"), alleging civil rights violations under 42 U.S.C. § 1983.[2] A deficiency letter was issued by the Court on October 21, 2022 because Roshell had not paid the filing fee or filed a motion to proceed *in forma pauperis*.[3] Roshell filed his IFP Motion on December 2, 2022, which was granted on January 23, 2023.[4] His Complaint is now subject to the screening process for such claims under 28 U.S.C. § 1915(e) and 1915A.[5]

Each motion is addressed, below.

**I.     Motions**

With respect to the "Motion to Compell [sic]," "Petition Seeking Permission to With Hold Idenity [sic] of Witnesses," and "Motion to Compel,"[6] the relief sought is premature. In the motions to compel, Roshell requests production of medical records and other documents.[7] In the

---

[1] R. Docs. 6, 12, 18, 19, & 22.
[2] R. Doc. 1.
[3] R. Doc. 3.
[4] R. Docs. 7 and 21.
[5] §1915(e) provides for dismissal of claims that are frivolous, malicious, or fail to state a claim where the plaintiff was granted leave to proceed *in forma pauperis* ("IFP"). §1915A provides for dismissal of claims by prisoners against a governmental entity or employee of a governmental entity for the same reasons regardless of the pauper status of the plaintiff. As Roshell was granted IFP status on January 23, 2023, both statutes apply.
[6] R. Docs. 6, 12, and 22.
[7] R. Docs. 6 and 22.

second Motion to Compel, Roshell also requests a settlement conference.[8] He also petitions to withhold the identities of witnesses.[9] The Court understands that Roshell is eager to get documents and information that may assist him in proving his claims in this case and to reach a resolution with Defendants, but the case is not ripe for discovery.[10] This Court will conduct the screening of Roshell's Complaint, as explained above, before the case is permitted to proceed through additional stages of litigation.[11] Accordingly, these motions will be denied at this time.

With respect to the "Motion to Compel" at R. Doc. 18, Roshell requests permission to file all documents in this case using the United States Postal Service rather than the electronic filing system because he believes that employees at LSP are not filing the documents he submits to them.[12] Pertinent to filing, Local Civil Rule 5(d) provides as follows:

> (1) Original Documents - Prisoners subject to electronic filing must place all documents in an envelope and place the envelope in a designated box for documents to be filed in Louisiana Federal District Courts only. No postage is required. All envelopes placed in the designated box shall be opened by authorized prison personnel in order to scan the documents. Once scanned, prison personnel shall return all original documents to the prisoner, unless otherwise directed by the Court. Any envelope placed in the designated box containing postage shall not be opened for purposes of scanning. Prison officials shall either return the envelope to the prisoner or mail it to the Court. Documents submitted by a prisoner to the Court for filing which have not been scanned and emailed by authorized prison personnel, may, at the direction of the Court, be returned to the prisoner.
> (2) Scanning - Authorized prison personnel will scan prisoner documents into a pre- programmed Document Capture Workstation which converts the document to PDF. Authorized prison personnel will affix the "scanned" stamp on the document, prior to scanning, which indicates the date the document was scanned, total number of pages scanned, and the initials of the person who scanned it. Once the document has been scanned, authorized prison personnel will verify the legibility of the image on the computer screen and email the document directly to the Court's dedicated email address.

---

[8] R. Doc. 22.
[9] R. Doc. 12.
[10] Because the case is not ripe for discovery and Roshell has not yet had to provide any information about witnesses, his request to withhold witness identities is also premature.
[11] For any claims that survive the screening process, the Court will order the United States Marshals Service to serve any appropriate defendants and will provide instructions to the parties for discovery.
[12] R. Doc. 18, p. 1.

> (3) Filing into Court's Electronic Case Management System - The Court will receive and review all documents received via email from the prison and electronically file submissions into the case management system. After review, if it is determined by the Court that a document does not constitute a proper filing in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Court, the document may be returned to the prisoner via the U. S. Postal Service, upon direction of the Court.

The Court has received numerous motions and other documents scanned and sent from LSP on Roshell's behalf. Pursuant to the Local Rule, Roshell is required to file electronically, and he has not shown that an exception should be made in his case.[13] Accordingly, this motion will be denied.

To the extent Roshell requests a speedy trial,[14] the rules for criminal cases, such as the right to a speedy trial, do not apply to civil rights cases, such as this one, that are filed under 42 U.S.C. § 1983.[15] Accordingly, Roshell's request for a speedy trial will be denied.[16]

Finally, Roshell has requested the appointment of counsel.[17] The Court has the authority to "request" an attorney to represent a plaintiff under 28 U.S.C. § 1915(e)(1), and the extra-statutory authority to order an attorney to do so in rare circumstances.[18] A civil rights complainant has no right to the automatic appointment of counsel.[19] A district court may appoint counsel "if doing so would advance the proper administration of justice,"[20] but appointment of counsel is not required "unless the case presents exceptional circumstances."[21] In determining whether exceptional circumstances warrant the appointment of counsel, a district court should consider (1) the type and complexity of the case; (2) the indigent's ability to adequately present the case; (3)

---

[13] Roshell is at LSP, which has the capability of electronic filing and thus, renders Roshell a prisoner "subject to electronic filing."
[14] R. Docs. 18 & 19.
[15] *Cf. United States v. $34,000.00 in United States Currency and/or Coin*, No. 04-716, 2005 WL 8161404, at *3 (E.D. Tex. Aug. 2, 2005) (speedy trial implications do not apply to civil proceedings).
[16] This matter will be set for trial at the appropriate time by the Court if trial is warranted.
[17] R. Doc. 19.
[18] *Naranjo v. Thompson*, 809 F.3d 793, 804 (5th Cir. 2015). For ease of reference, the Court will refer to a request for attorney representation as "appointment of counsel."
[19] *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).
[20] *Jackson v. Cain*, 864 F.2d 1235, 1242 (5th Cir. 1989).
[21] *Ulmer*, 691 F.2d at 212.

the indigent's ability to investigate the case adequately; and (4) the existence of contradictory evidence and the necessity for skill in the presentation of evidence and in cross-examination.[22]

Roshell has not shown exceptional circumstances. Rather, Roshell's only reason for requesting counsel is due to the Defendants refusal to "settle" Roshell's disputes during the grievance process.[23] Roshell's Complaint is not factually complex, and no other factors in *Ulmer* require the appointment of counsel at this time. Further, Roshell's pleadings and motions reflect that he understands the proceedings, and because Roshell is representing himself, his pleadings are held to less stringent standards than formal pleadings drafted by attorneys.[24] This Court is liberal in reviewing the pleadings and motions filed by *pro se* litigants, giving ample opportunity to amend and granting extensions of time to comply with Court orders, if appropriate.

While appointment of counsel might be beneficial to Roshell (as it would be to nearly every *pro se* plaintiff), considering the Court's liberal construction of pleadings filed by such litigants, and the fact that Roshell will be given an opportunity to amend his pleadings to allege additional facts in support, as explained below, which does not require any specialized legal knowledge or training, appointment of counsel is not warranted at this time. Accordingly, Roshell's "Motion for Speedy Trial and Appointment of Counsel"[25] will be denied.

**II.    Amendment**

In order to successfully plead a cause of action in a civil rights case, a plaintiff must ordinarily state a set of facts that illustrates each defendant's participation in the alleged wrong.[26] The Supreme Court has held that "[e]ach Government official, his or her title notwithstanding, is

---

[22] *Id.*, at 213.
[23] R. Doc. 19.
[24] *Haines v. Kerner*, 404 U.S. 519 (1972).
[25] R. Doc. 19.
[26] *Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986).

4

only liable for his or her own misconduct."[27]  Officials may also be liable for establishing an unconstitutional policy or custom if the policy or custom was the driving force behind the alleged constitutional violation.[28]  Roshell's allegations, read liberally, suggest possible causes of action for a due process violation of the Fourteenth Amendment and lack of exercise in violation of the Eighth Amendment, but because of the conclusory nature of the claims, the Court is unable to conduct the screening required under 28 U.S.C. § 1915A.[29] Instead of having his claims dismissed at this time, Roshell will be given an opportunity to allege specific facts that he believes support his claims, if possible.[30] Accordingly,

**IT IS ORDERED** that, by no later than **March 20, 2022**, Roshell must file an amended complaint on the standardized § 1983 lawsuit form (same form used previously), stating specific facts to support his claims.  In any amended complaint, Roshell must provide the details of his claims as explained in this Order. The amended complaint must expressly address the following:

1) State how long were you let out of your cell every day to shower;

2) Describe the approximate size of your cell in administrative segregation;

---

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009).
[28] *Cozzo v. Tangipahoa Parish Counsel*, 279 F.3d 273, 289 (5th Cir. 2002), quoting *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987).
[29] 28 U.S.C. §1915A provides as follows:
   (a) Screening.—
   The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
   (b) Grounds for Dismissal.—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
       (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
       (2) seeks monetary relief from a defendant who is immune from such relief.
[30] *See Eason v. Thaler*, 14 F.3d 8 (5th Cir. 1994). *See also, e.g.*, *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567-68 (N.D. Tex. 2005) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").

3) Provide other helpful descriptions regarding the size of your cell to provide the Court with a better idea of the space you were confined to. For example, include the following:

   a. Outside of your bunk in your cell, was there floor space to lay down;

   b. Were you able to spread your arms in the cell in any direction;

4) What were your daily activities in your cell in administrative segregation; for example, did you stand, sit, lay down, pace the floor, etc.?

The amended complaint does not take the place of the previously filed complaint. Rather, it will function to supplement the facts already alleged so that Roshell is not required to restate all facts he has already provided. Roshell is instructed to place the case number "3:22cv700" on the amended complaint and on all documents that he files in this lawsuit.

**Roshell is also placed on notice that the lawsuit may be dismissed if he fails to timely comply with this Order.**

**IT IS FURTHER ORDERED** that the Motions to Compel,[31] Petition Seeking Permission to Withhold Identity of Witnesses,[32] and Motion for Speedy Trial and Appointment of Counsel,[33] filed by Daryl Germaine Roshell, are **DENIED** for the reasons stated in this Order.[34]

Signed in Baton Rouge, Louisiana, on February 27, 2023.

*[signature: Erin Wilder-Doomes]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] R. Docs. 6, 18, and 22.
[32] R. Doc. 12.
[33] R. Doc. 19.
[34] After Roshell files an amended complaint, the Court will finish conducting the screening of his claims. Roshell is not required to file any more motions, notices, or the like with the Court while he is waiting for the screening process to be completed. The Court will take appropriate steps to notify Roshell when the screening is completed.